IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3054-FL

| | |
|---|---|
| T. THORNE-EL AND ANTHONY J. WASHTINGTON, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| IRVIN RYAN, JR. DONALD SATTERWHITE; GREGORY NELSON; AND LAWRENCE SOLOMON, | ) ) ) ) |
| Defendants. | ) ) |

ORDER

Plaintiffs T. Thorne-El ("Thorne-El") and Anthony J. Washington ("Washington") filed this action pursuant to 42 U.S.C. § 1983. The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915. Also before the court are Washington's motion to appoint counsel (DE # 7) and motion for voluntary dismissal (DE # 17). The matters are ripe for adjudication.

A.     Motion for Voluntary Dismissal

Washington moves the court to voluntarily dismiss his action. An action may be dismissed voluntarily by Washington without order of the court by filing a notice of dismissal at any time before service by the adverse party of an answer or a motion for summary judgment. See Fed. R.Civ. P. 41(a)(1). Otherwise an action shall not be dismissed on a plaintiff's request except upon an order of the court. See Fed. R.Civ. P. 41(a)(2). At this point, defendants have not filed any responsive pleadings. Accordingly, Washington's action is DISMISSED without prejudice.

B.  Frivolity Review

**BACKGROUND**

Thorne-El brings this action against Assistant Superintendent Irvin Ryan, Jr., Captain Donald Satterwhite, Sergeant Gregory Nelson, and Superintendent Lawrence Solomon. Thorne-El alleges that on April 21, 2011, he "was placed on cell restriction due to making complaints about not being fed that morning . . . ." Compl. p. 4. Nelson and Burge came to Thorne-El's cell and packed his personal and legal property into two boxes. Id. After the officers left, Thorne-El "only had the necessary legal materials that [he] kept to respond to the courts, but Sgt. Nelson was sent back [along] with other officers to retrieve the remaining legal materials . . . that [he] needed to respond to the courts and was left with nothing." Id. Thorne-El states that the officers did not inventory his property.

On April 26, 2011, prison officials returned Thorne-El's property. Thorne-El, however, states that only one of the two boxes of property taken was returned to him. Thorne-El states that he received "the legal property that Sgt. Nelson had come back to get from [him] . . . ." Id. Thorne-El further states that "sixteen personal property books of [his] and a[] policy manual was taken by Hcon without giv[ing] [him] fair procedures and that property has been destroyed." Id. As relief, Thorne-El requests monetary damages and injunctive relief in the form of the return of his property.

**DISCUSSION**

Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke
2

v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

In this action, Thorne-El alleges the deprivation of his property violated his rights pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution. To state a procedural or substantive due process claim, an inmate must demonstrate that he was deprived of life, liberty, or property by government action. Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997).

Beginning with Thorne-El's procedural due process claim, he is not entitled to relief because even "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post[-]deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984) (holding that intentional deprivations of property by State employees do not violate due process until and unless the State refuses to provide a suitable post-deprivation remedy); see Mora v. City of Gaithersburg, 519 F.3d 216, 230-31 (4th Cir. 2008). Here an adequate post-deprivation remedy is available to Thorne-El in state court. See e.g., Wilkins v. Whitaker, 714 F.2d

3

Case 5:12-ct-03054-FL   Document 18   Filed 10/16/12   Page 3 of 5

4, 6-7 (4th Cir. 1983). Because Thorne-El has an adequate post-deprivation remedy in state court, his procedural due process claim fails.

As for substantive due process, the Fourth Circuit defines it as "an absolute check on certain governmental actions notwithstanding the fairness of the procedures used to implement those actions." Front Royal and Warren County Industrial Park Corp. v. Town of Front Royal, Virginia, 135 F.3d 275, 287-88 (4th Cir. 1998) (internal quotation omitted). The substantive due process check "is warranted only where no process could cure the deficiencies in the governmental action . . . In other words, governmental action offends substantive due process only where the resulting deprivation of life, liberty, or property is so unjust that no amount of fair procedure can rectify it." Id. In this case, the court does not find the alleged deprivation so unjust as to be incapable of avoidance by any procedural protections. Moreover, post-deprivation state remedies are available to Thorne-El. Thus, Thorne-El has not alleged a substantive due process violation. Based upon the foregoing, Thorne-El has not alleged an unconstitutional deprivation of property, and his due process claim fails. Based upon the foregoing, Thorne-El's action is DISMISSED as frivolous.

C.     Miscellaneous Filings

Plaintiff discusses several issues, which arose subsequent to the filing of this action, in his May 21, 2012, letter and subsequent "affidavit of fact." Plaintiff, however, has not indicated any intention to amend his complaint to include any new claims. See Fed.R.Civ.P. 15(a). Accordingly, the court finds that the issues raised in plaintiff's May 21, 2012, letter and subsequent "affidavit of fact" are not part of this action. See United States v. Jones, No. 87-7313, 1988 WL 21257 *1 (4th Cir. Mar. 9, 1988) ("Even under liberal rules of interpretation, a court should not be required to amend a complaint sua sponte every time a pleading is filed which arguably raises a new claim.").

4

## CONCLUSION

In summary, Washington's motion for voluntary dismissal (DE # 17) is GRANTED, and Washington's action is DISMISSED without prejudice. Because the court dismissed Washington's action, his motion to appoint counsel (DE # 7) is DENIED as moot. Finally, Thorne-El's action is DISMISSED as frivolous. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 16th day of October, 2012.

LOUISE W. FLANAGAN
United States District Judge

5

Case 5:12-ct-03054-FL   Document 18   Filed 10/16/12   Page 5 of 5